UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| IN RE: | ] | |
| | ] | |
| LOUIE OREN THOMASON | ] | |
| ROBERTA LYNN THOMASON | ] | BK. NO. 17-01770 |
| 3674 Brookstone Dr. | ] | CHAPTER 13 PROCEEDING |
| Cookeville, TN 38506 | ] | JUDGE MASHBURN |
| SSN: XXX-XX-7116   XXX-XX-6697 | ] | |
| | ] | |
| Debtor(s) | ] | |
| | ] | |
| HENRY E. HILDEBRAND, III, | ] | |
| TRUSTEE, | ] | |
| | ] | |
| Plaintiff, | ] | Adv. No. 2:18-ap-90045 |
| | ] | |
| vs. | ] | |
| | ] | |
| VYSTAR CREDIT UNION, | ] | |
| DISCOVER BANK, | ] | |
| JAX FEDERAL CREDIT UNION, | ] | |
| LOUIE OREN THOMASON, and | ] | |
| ROBERTA LYNN THOMASON | ] | |
| | ] | |
| Defendants. | ] | |

## ANSWER TO COMPLAINT TO AVOID PREFERENTIAL TRANSFERS

COMES NOW Jax Federal Credit Union ("JAX" or "Defendant"), by and through undersigned counsel, and answers the Complaint to Avoid Preferential Transfers Pursuant to 11 U.S.C. §§ 547(b) and 1329(a) and 502(d) and Other Relief ("Complaint"), dated March 29, 2018, and filed by Henry E. Hildebrand, III, Chapter 13 Trustee (the "Plaintiff") of the jointly administered estates of Louie Oren Thomason and Roberta Lynn Thomason (each a "Debtor" and collectively, the "Debtors"), as follows:

## PARTIES

1. Admit.

2. Admit.

3. This allegation does not apply to Defendant JAX. No response is required.

4. This allegation does not apply to Defendant JAX. No response is required.

5. Admit.

## JURISDICTION AND VENUE

6. Admit.

7. The allegations contained in Paragraph 7 of the Complaint state a legal conclusion to which no response is required.

8. The allegations contained in Paragraph 6 of the Complaint state a legal conclusion to which no response is required. However, Defendant JAX does not dispute the venue of this adversary proceeding.

## FACTS

9. Defendant JAX  is without sufficient information to admit or deny the allegations contained in paragraph 9 of the Complaint and therefore denies same and demands strict proof thereof.

10. Defendant JAX  is without sufficient information to admit or deny the allegations contained in paragraph 10 of the Complaint and therefore denies same and demands strict proof thereof.

11. Defendant JAX  is without sufficient information to admit or deny the allegations contained in paragraph 11 of the Complaint and therefore denies same and demands strict proof thereof.

12. Admitted to the extent that there were payments made in the ordinary course of business.

13. Paragraph 13 does not apply to Defendant JAX. No response is required.

14. Defendant JAX  is without sufficient information to admit or deny the allegations contained in paragraph 14 of the Complaint and therefore denies same and demands strict proof thereof.

15. Defendant JAX  is without sufficient information to admit or deny the allegations contained in paragraph 15 of the Complaint and therefore denies same and demands strict proof thereof.

16. Defendant JAX  is without sufficient information to admit or deny the

allegations contained in paragraph 16 of the Complaint and therefore denies same and demands strict proof thereof.

**CLAIMS FOR RELIEF**

**FIRST CAUSE OF ACTION:**

**AVOIDANCE OF PREFERENTIAL TRANSFERS TO DISCOVER BANK**

17.  No response is required for Paragraph 17.

18.  This allegation does not apply to Defendant JAX. Defendant JAX  is without sufficient information to admit or deny the allegations contained in paragraph 18 of the Complaint and therefore denies same and demands strict proof thereof.

19.  This allegation does not apply to Defendant JAX. Defendant JAX  is without sufficient information to admit or deny the allegations contained in paragraph 19 of the Complaint and therefore denies same and demands strict proof thereof.

20.  This allegation does not apply to Defendant JAX. Defendant JAX  is without sufficient information to admit or deny the allegations contained in paragraph 20 of the Complaint and therefore denies same and demands strict proof thereof.

21.  This allegation does not apply to Defendant JAX. Defendant JAX  is without sufficient information to admit or deny the allegations contained in paragraph 21 of the Complaint and therefore denies same and demands strict proof thereof.

22.  This allegation does not apply to Defendant JAX. Defendant JAX  is without sufficient information to admit or deny the allegations contained in paragraph 22 of the Complaint and therefore denies same and demands strict proof thereof.

**SECOND CAUSE OF ACTION:**

**OBJECTION TO CLAIM OF DISCOVER BANK**

23.  No response is required for Paragraph 23.

24.  This allegation does not apply to Defendant JAX. Defendant JAX  is without sufficient information to admit or deny the allegations contained in paragraph 24 of the Complaint and therefore denies same and demands strict proof thereof.

25.  This allegation does not apply to Defendant JAX. Defendant JAX  is without sufficient information to admit or deny the allegations contained in paragraph 25 of the Complaint and therefore denies same and demands strict proof thereof.

26.  This allegation does not apply to Defendant JAX. Defendant JAX  is without

sufficient information to admit or deny the allegations contained in paragraph 26 of the Complaint and therefore denies same and demands strict proof thereof.

**THIRD CAUSE OF ACTION:**

**AVOIDANCE OF PREFERENTIAL TRANSFER TO JAX**

27. No response is required for Paragraph 27.

28. Defendant JAX admits to receiving payments of $600.00 per month from the Debtors in the ordinary course of business in December 2016, January 2017, and February 2017. The Debtors made regular monthly payments in the ordinary course of business prior to filing their Petition. In January 2017, Defendant JAX, for the benefit of the Debtors, allowed the Debtors a $5,000.00 balance consolidation, giving the Debtors new value.

29. The Debtors made monthly payments under a written obligation with Defendant JAX, Debtors were allowed credit consolidations, and Defendant JAX therefore denies the allegation in Paragraph 29 and demands strict proof thereof.

30. Defendant JAX denies the allegations contained in paragraph 30 of the Complaint, and demands strict proof thereof.

31. Defendant JAX is without sufficient information to admit or deny the allegations contained in Paragraph 31 of the Complaint, and therefore denies same and demands strict proof thereof.

32. Denied.

**FOURTH CAUSE OF ACTION:**

**AVOIDANCE OF PREFERENTIAL TRANSFER TO VYSTAR**

33. No response is required for Paragraph 33.

34. This allegation does not apply to Defendant JAX. Defendant JAX is without sufficient information to admit or deny the allegations contained in paragraph 34 of the Complaint and therefore denies same and demands strict proof thereof.

35. This allegation does not apply to Defendant JAX. Defendant JAX is without sufficient information to admit or deny the allegations contained in paragraph 35 of the Complaint and therefore denies same and demands strict proof thereof.

36. This allegation does not apply to Defendant JAX. Defendant JAX is without

sufficient information to admit or deny the allegations contained in paragraph 36 of the Complaint and therefore denies same and demands strict proof thereof.

37.  This allegation does not apply to Defendant JAX. Defendant JAX  is without sufficient information to admit or deny the allegations contained in paragraph 37 of the Complaint and therefore denies same and demands strict proof thereof.

38.  This allegation does not apply to Defendant JAX. Defendant JAX  is without sufficient information to admit or deny the allegations contained in paragraph 38 of the Complaint and therefore denies same and demands strict proof thereof.

## FIFTH CAUSE OF ACTION:

## OBJECTION TO CLAIMS OF VYSTAR VISA

39.  No response is required for Paragraph 38.

40.  This allegation does not apply to Defendant JAX. Defendant JAX  is without sufficient information to admit or deny the allegations contained in paragraph 40 of the Complaint and therefore denies same and demands strict proof thereof.

41.  This allegation does not apply to Defendant JAX. Defendant JAX  is without sufficient information to admit or deny the allegations contained in paragraph 41 of the Complaint and therefore denies same and demands strict proof thereof.

42.  This allegation does not apply to Defendant JAX. Defendant JAX  is without sufficient information to admit or deny the allegations contained in paragraph 42 of the Complaint and therefore denies same and demands strict proof thereof.

## SIXTH CAUSE OF ACTION:

## PLAN MODIFICATION

43.  No response is required for Paragraph 42.

44.  Defendant JAX  is without sufficient information to admit or deny the allegations contained in paragraph 44 of the Complaint and therefore denies same and demands strict proof thereof.

## GENERAL DENIAL

Defendant JAX generally denies any liability to the Plaintiff. To the extent any allegations in the Complaint have not been specifically admitted or denied, they are hereby denied.

## AFFIRMATIVE DEFENSES

Defendant JAX asserts the following affirmative defenses:

**First Affirmative Defense:**

All alleged preferential transfers received by Defendant JAX, if any, were intended by the Debtors and Defendant JAX to be substantially contemporaneous exchanges for new value given to the Debtors and were in fact substantially contemporaneous exchanges.

**Second Affirmative Defense:**

In January 2017, Defendant JAX extended a credit consolidation to Debtors which gave new value to or for the benefit of the Debtors, in exchange for all alleged preferential transfers received by Defendant JAX, if any, and such value was not secured by an otherwise unavoidable security interest and because of which new value the Debtors did not make an otherwise unavoidable transfer to or for the benefit of Defendant JAX.

**Third Affirmative Defense:**

All payments received by Defendant JAX were payments in the ordinary course of business or financial affairs of the Debtors and Defendant JAX, representing monthly payments under a written obligation.

## RESERVATION OF RIGHTS

Defendant JAX expressly reserves the right to amend this answer by way of adding affirmative defenses, counterclaims, cross-claims and/or third party claims as additional facts are obtained through further investigation and discovery.

WHEREFORE, the Defendant, JAX Federal Credit Union, respectfully requests that judgment be entered in favor of JAX and against the Plaintiff on all counts of the Complaint, and that Defendant JAX be awarded its costs and expenses, together with such other and further relief as this Court may deem just and proper.

Dated this 1st day of May, 2018.

EQUITUS LAW ALLIANCE, PLLC

By: _/s/ Andrew Cameron_____
       Andrew Cameron (BPR #026797)
       709 Taylor Street

PO Box 280240
Nashville, Tennessee 37228
(615) 251-3131
(615) 252-6404 Fax
Attorney for Michael Palmer

<u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing Motion to Extend was
submitted either by electronic transmission or placed in U.S. Mail, postage prepaid, to the
following

Margaret P. Reidy
Counsel to Henry E. Hildebrand, III
Standing Chapter 13 Trustee
PO Box 340019
Nashville, TN 37203

This 1st day of May, 2018.

/S/ Andrew Cameron